IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00587-PAB

TIJUANAS PRODUCE, INC.,

    Plaintiff,

v.

SHORTY'S PRODUCE, INC., a corporation, and
ELENO CARDENAS, an individual,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on that portion of plaintiff's Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order & Preliminary Injunction [Docket No. 2] that requests issuance of a temporary restraining order ("TRO"). Plaintiff Tijuanas Produce, Inc. seeks a TRO enjoining defendants, in part, from "spending, transferring, hypothecating, assigning or in any way disposing of or encumbering the proceeds or income from the sale of fresh fruits or vegetables of every kind and character until further order of this Court, or until the defendants pay" plaintiff the amounts due under an October 6, 2017 order issued by the United States Department of Agriculture pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq. ("PACA"). Docket No. 2-5 at 3; *see also* Docket No. 2-3.

    To succeed on a motion for temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips

in the movant's favor; and (4) that the injunction is in the public interest.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).  "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted).  Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule."  *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Plaintiff's only stated basis for exigency or possible irreparable harm relevant to plaintiff's request for a TRO is that the defendants may "dissipate PACA trust assets pending a hearing."  Docket No. 2 at 4.  According to the allegations in the complaint, defendant Shorty's Produce, Inc. had notice of and participated in the proceedings resulting in the October 6, 2017 order.  Docket No. 1 at 2, ¶ 14.  Plaintiff does not allege or argue any facts showing that circumstances have changed since the order was entered or that would otherwise support a conclusion that defendants may dissipate PACA trust assets prior to a preliminary injunction hearing.  Instead, plaintiff attaches an affidavit stating in conclusory fashion that, "[u]nless the trust assets are frozen, it is likely that the trust assets will be dissipated."  Docket No. 2-1 at 3, ¶ 16.  The Court finds that plaintiff has failed to show that it will suffer irreparable harm if a TRO does not

2

issue before a preliminary injunction hearing is held.  Therefore, the Court will deny plaintiff's motion insofar as it requests a TRO.

Wherefore, it is

**ORDERED** that plaintiff's Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order & Preliminary Injunction [Docket No. 2] is DENIED in part insofar as it requests issuance of a temporary restraining order.  It is further

**ORDERED** that a hearing is set for May 24, 2018 at 1:30 p.m. in Courtroom A701 before Judge Philip A Brimmer on that portion of plaintiff's Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order & Preliminary Injunction [Docket No. 2] seeking a preliminary injunction.

DATED March 29, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge